THOMAS L. GEIGER, Appellant, *vs.* WALTER W. GEIGER
*et al.* Appellees.

*Opinion filed December 21, 1910.*

1. TRIAL,—*same rule applies as to directing verdict in will case
as applies in a suit at law.* The question presented by a motion to
exclude the evidence for the contestant in a will case and to direct
a verdict finding the instrument to be the last will and testament
of the decedent is whether there is any evidence fairly tending to
prove the contestant's bill, and it is not the province of the trial
court to weigh the evidence and determine its preponderance.

2. SAME—*on a motion to direct a verdict the question of pre-
ponderance of evidence does not arise.* On a motion to direct a
verdict neither the trial court, in the first instance, nor the court
of review, has anything to do with the questions of the preponder-
ance of the evidence or the credibility of witnesses.

3. WILLS—*when court should not direct verdict for defendants
in a will contest case.* If there is some evidence tending to show
that the decedent, during the year when he made his will and up
to the time of his death, was insane, the court must submit the
case to the jury, even though none of the witnesses who testified
for the contestant were present at the execution of the will, or able
to swear, from personal observation, what the condition of the tes-
tator's mind was at that particular time.

APPEAL from the Circuit Court of Lee county; the
Hon. RICHARD S. FARRAND, Judge, presiding.

JOHN E. ERWIN, for appellant.

WINGERT & WINGERT, for appellee A. C. Bardwell.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of
the court:

Thomas Geiger filed a bill in the circuit court of Lee
county against the executor, trustee and devisees under the
will of John L. Geiger to set aside said will and the pro-
bate thereof on the ground that the testator was of un-
sound mind and memory at the time the will was executed.
The widow and children, who were made defendants, an-

swered the bill admitting that the testator was of unsound mind at the time said will was executed. The executor answered denying such unsoundness of mind and averred that the testator had capacity to make the will. The trustee answered, not admitting or denying the allegations of the bill. An issue at law was made up as to whether the writing in question was the last will and testament of John L. Geiger and submitted to a jury. At the close of all of the evidence the executor made a motion to exclude the evidence of contestant and for a directed verdict finding the instrument read in evidence to be the last will and testament of John L. Geiger, deceased. This motion was sustained, and the jury, in accordance with the direction of the court, returned a verdict finding that the instrument was the last will and testament of John L. Geiger and that he was of sound mind and memory at the time he executed the same. Contestant excepted to this ruling of the court and also to the order overruling his motion for new trial.

The only question involved is whether the court below erred in instructing the jury to find a verdict in favor of appellees upon the issue submitted to the jury.

The same rule applies in reference to giving a peremptory instruction to the jury in a suit to contest a will, under section 7 of the wills statute, as obtains in trials of actions at law. This court has so decided several times. (*Purdy* v. *Hall,* 134 Ill. 298; *Thompson* v. *Bennett,* 194 id. 57; *Woodman* v. *Illinois Trust and Savings Bank,* 211 id. 578.) The rule established, applicable to a motion for a directed verdict in law cases, has been announced so often that it is only necessary to briefly refer to it at this time. The question presented by such a motion is whether there is any evidence fairly tending to prove the cause of action or fact affirmed. It is not the province of the trial judge, on such motion, to weigh the evidence and determine where the preponderance is. Neither the trial court in the first instance, nor the court of review, has anything to do with

the question of the preponderance of the evidence or the credibility of the witnesses when considering this question. (*Rack* v. *Chicago City Railway Co.* 173 Ill. 289.) Under this rule a brief reference to the testimony will show that the court below improperly directed the verdict.

James Lonergan, a witness on behalf of appellant, testified that he had been acquainted with the testator a great number of years and had many conversations with him during the year 1906; that the will was executed in August, 1906; that the testator was then about eighty years of age; that in the winter of 1906 the testator went to Hot Springs and remained there several weeks; that the witness saw him frequently while in Hot Springs; that he was being wheeled about in an invalid chair; that his mind was unsound and his memory very poor; that he was weak in body and mind, old and childish, and incapable of transacting the ordinary business affairs of life; that he talked with him at Hot Springs about people whom he had known well in Dixon and the testator was unable to remember such persons. This witness testified that it was difficult to make the testator understand what you were talking about.

James Geer testified that he had been acquainted with the testator since 1860 up to the time of his death, and that he saw him once or twice every week during the last year of his life; that he was suffering from erysipelas in one of his legs and that he had suffered an injury by being thrown from a buggy in a runaway. He testified that the testator was very thin and emaciated when he went to Hot Springs and worse when he returned; that he was bad off both in body and mind, and that in his opinion the testator was insane, or "very close to it," in 1906.

The witnesses for appellant, Gregory, Godfrey, Buzzard and others, who knew the testator more or less intimately and had an opportunity to observe his physical and mental condition, expressed the opinion that he was so feeble in body and mind that he was wholly unable to un-

derstand ordinary business transactions. None of the witnesses for appellant were present on the day the will was executed, and none of them could swear, from personal observation, what the condition of the testator's mind was at that particular time. The testator died in 1908, and the evidence shows that he never recovered from the diseases from which he was suffering in 1906, but gradually grew worse until he died. In addition to the evidence for appellant, some of the witnesses for appellees made admissions, on cross-examination, that tended to show that the mind of the testator was to some extent impaired. Nelson A. Ankeny, a witness for appellees, testified, among other things, that the latter part of 1906 he noticed that the testator was getting more feeble and weaker, both physically and mentally. When asked whether the testator was of sound mind and memory he said that he could not say as to that; that part of the time he would act queer after he got back from Hot Springs.

In referring to this evidence we do so merely for the purpose of showing that this case should have been submitted to a jury, and not for the purpose of intimating any opinion as to how this question should be determined. It is not our purpose to embarrass another trial of this case by anything that has been said with reference to the evidence.

For the error in directing a verdict and dismissing the bill the decree of the circuit court is reversed and the cause remanded for a trial *de novo* upon the issue involved.

*Reversed and remanded.*