## Amanda Plant, Plaintiff in Error, v. T. P. Morey, Defendant in Error.

INSTRUCTIONS—*when error to give peremptory.* It is error peremptorily to instruct for the defendant where the proofs fairly tend to show a cause of action.

Error to the Circuit Court of Bond county; the HON. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

JOHN A. BINGHAM and F. M. GUINN, for plaintiff in error.

D. R. KINDER, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

In the declaration filed in this suit the plaintiff, Amanda Plant, charged the defendant, T. P. Morey, with having made an indecent assault upon her.

The first trial resulted in a verdict of not guilty, which was set aside by the court and a new trial awarded. Upon the second trial, the court, at the close of plaintiff's evidence, instructed the jury, on motion of the defendant, to find him not guilty, and gave judgment against plaintiff for costs.

The only question presented to us is, did the trial court err in taking the case from the jury. The evidence in the case in addition to the testimony of the plaintiff, consisted of the testimony of two other witnesses and the deposition of a third. The facts as they appeared from such proofs were substantially as follows: At about 8 o'clock in the evening of October 17, 1908, plaintiff, a married woman and the mother of five children, went to the court house in Greenville, where she lived, in company with Mrs. Reid, a niece, who was interested in a special assessment case then on trial. The court room, which was on the second floor was reached by two stairways, leading to a common landing at the top. As plaintiff and her niece reached the landing they were met by defendant with whom she had but slight acquaintance, who said, "Good evening ladies," and shook hands with plaintiff. When he took her hand he tickled the palm. She tried to pull her hand away from him but he did not at once let loose of it. She continued her efforts however and he soon released her hand. He afterwards stood between her and the court room door, near which they were standing, and addressed to her improper proposals, which she rejected. She then passed into the

court room and asked her niece to go home with her. The same night she wrote to her husband informing him what had taken place. She became nervous over the matter, was compelled to give up her work of sewing for others and took treatment from her family physician.

In C. & N. W. Ry. Co. v. Dunlevy, 129 Ill. 132, in referring to a peremptory instruction of the kind in question, the court said, "In considering the propriety of said instruction, we have nothing to do with any question as to the preponderance of the evidence, or the credibility of the witnesses, or the force to be given to the evidence having a tendency merely to impeach their veracity. The only question is, whether any evidence was given, if true, would have tended to support a verdict for the plaintiff."

In Geiger v. Geiger, 247 Ill. 629, our Supreme Court, following the same theory of the law, uses the following language: "The rule established applicable to a motion for a direct verdict, in law cases, has been announced so often that it is only necessary to briefly refer to it at this time. The question presented by such a motion is whether there is any evidence fairly tending to prove the cause of action or fact affirmed. It is not the province of the trial judge, on such motion to weigh the evidence and determine where the preponderance is. Neither the trial court in the first instance, nor the court of review, has anything to do with the question of the preponderance of the evidence or the credibility of the witnesses, when considering this question."

We are of opinion the proofs presented a case fairly tending to show a cause of action and that the same should have been submitted to a jury for their determination under proper instructions as to the law.

*Reversed and remanded.*