(No. 25900.—

ANTON WALAITE, Appellee, *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY *et al.* Appellants.

*Opinion filed February 14, 1941.*

FARTHING, J., dissenting.

MILTON V. THOMPSON, and DANIEL TAYLOR, for appellants.

JULIUS H. SELINGER, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on leave to appeal granted to review the judgment of the Appellate Court for the First District, reversing a judgment of the superior court of Cook county and entering a judgment for appellee.

Appellee, an employee of the defendant railway company, commonly known as the "Rock Island," brought suit under the Federal Employers' Liability act to recover for personal injuries alleged to have been sustained while in the employ of appellants. Suit against the railway company, as such, was dismissed and proceeded against the appellants as trustees. The cause came on for trial and a verdict was rendered by the jury in the sum of $15,000. Appellants, as defendants, filed two motions: A motion for a judgment for the defendants *non obstante veredicto* and a motion for a new trial. The motion for judgment

notwithstanding the verdict was allowed and judgment entered for the defendant. The motion for new trial was not passed upon. On appeal to the Appellate Court that court reversed the judgment of the superior court and also passed upon and denied appellants' motion for a new trial and entered judgment in that court for plaintiff for $15,000.

Appellants urge here: First, that there is a total absence of evidence tending to prove negligence in the operation of the train, or to show that appellee was not furnished a reasonably safe place to work, or that the condition of appellee was caused or aggravated by the movement of the train, and, second, that the Appellate Court had no jurisdiction to pass upon the motion for new trial and enter judgment in the cause.

A brief statement of the undisputed facts, shown by the record, is necessary. Appellee, while working for "Rock Island" railway company as car inspector, on the evening of September 30, 1936, pursuant to the directions of his foreman, got under a car of a train of twelve cars of a limited passenger train known as the Golden State Limited, to replace a loose brake shoe key. The company's rules, known to appellee, required that under such circumstances the employee place a blue flag by day and a blue light by night, on the engine, as a warning. It is not disputed that appellee did not place a blue light upon the engine of the train before he got under the car. Without warning the train moved forward some forty to sixty feet, by reason whereof appellee was injured.

The rule long established and often announced, is that liability for negligence must be based upon such relationship between the act complained of and the injury that the former may be said to be the proximate cause of the latter. (*Sycamore Preserve Works* v. *Chicago and Northwestern Railway Co.* 366 Ill. 11; *Wintersteen* v. *National Cooperage Co.* 361 id. 95; *Illinois Central Railroad Co.* v. *Oswald,* 338 id. 270.) On a motion for judgment notwith-

standing the verdict, in the trial court, and on an appeal from a judgment of the trial court granting such motion, the question presented is whether there is any evidence, which, taken with its intendments most favorable to appellee, tends to prove the charge of the complaint. (*Sycamore Preserve Works* v. *Chicago and Northwestern Railway Co. supra; Miles* v. *Long,* 342 Ill. 589; *Leighton & Howard Steel Co.* v. *Snell,* 217 id. 152.) If there is in the record evidence, which, standing alone, tends to prove the material allegations of the complaint, a motion for judgment notwithstanding the verdict, should be denied, even though upon the entire record the evidence may preponderate against the plaintiff so that the verdict in his favor cannot stand when tested by a motion for a new trial. *Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206.

In this case the testimony of appellee is that immediately before and at the time of the accident, appellee was a car inspector and one Skoda was foreman. Appellee reported to Skoda and took orders from him. He also testified that after he had crawled under the car involved in the accident, he asked Skoda, who was present, whether he had put out a blue light, and that Skoda replied that he had. This statement, on motion for directed verdict, must be taken as true, and so considered it is clear that Skoda owed a duty to appellee, whom he knew to be in a dangerous place, to protect him and to warn the engineer by placing a blue light upon the engine, or otherwise, and appellee had a right, under the provisions of the Federal Employers' Liability act, to rely upon Skoda's assurance that the blue light had been placed on the engine.

Under the Federal Employers' Liability act it cannot be said that there can be no recovery simply because the injured employee participated in the act which caused the injury. The issue is whether there was negligence on the part of the employing carrier, and if the injury to an employee resulted, in whole or in part, from the negligence

of any of the carrier's other employees, the carrier is liable under the express terms of the act, since the neglect of a co-employee in the performance of his duty is to be attributed to the employer, and if the injured employee was guilty of contributing to the injury, the statute expressly provides that it shall not bar recovery but that damages shall be diminished by the jury in proportion to the amount of negligence contributed by the employee. *Illinois Central Railroad Co.* v. *Skaggs,* 240 U. S. 66, 60 L. ed. 528; *Mondou* v. *New York, New Haven and Hartford Railroad Co.* 233 id. 1, 56 L. ed. 327; *Seaboard Air Line Railroad Co.* v. *Tilghman,* 237 id. 499, 59 L. ed. 1069.

It follows that under this record the Appellate Court did not err in reversing the judgment of the trial court entered for the defendant on its motion for judgment notwithstanding the verdict. That court, however, passed upon and denied a motion for a new trial presented to the court below, but not passed upon by it, and the question then arises whether the Appellate Court had jurisdiction to pass upon that motion and enter judgment on the verdict, when such motion for a new trial had not been passed on by the trial court.

The jurisdiction of the Appellate Court to review judgments of the trial court is appellate only. Motions for new trial are addressed to the *nisi prius* court and, in the absence of disposition of it by that court, the Appellate Court has no jurisdiction to pass upon such a motion. This question was considered and was so decided in *Goodrich* v. *Sprague, post,* p. 80.

The judgment of the Appellate Court is, therefore, reversed, and the cause remanded to that court, with directions to that court to remand it to the trial court to pass upon appellants' motion for a new trial.

*Reversed and remanded, with directions.*

Mr. JUSTICE FARTHING, dissenting.