(No. 25948.—

GEORGE W. PETERS *et al.* Appellants, *vs.* ESTHER A. PETERS *et al.* Appellees.

*Opinion filed February 18, 1941—Rehearing denied April 8, 1941.*

238

HARRY E. BROWN, ROBERT W. BESSE, and KENNARD J. BESSE, for appellants.

WOOD, McNEAL & GEHLBACH, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants seek the reversal of a decree of the circuit court of Whiteside county finding that the instrument there involved is the last will and testament of Mary A. Peters.

The complaint alleges that Mary A. Peters executed a certain instrument in writing, purporting to be her last will and testament; that the parties to this suit are her sole and only heirs-at-law; that said purported will, after making small cash bequests to her grandchildren, children of deceased children, gave the real estate one-fourth to · appellee Esther A. Peters, and the remaining three-fourths to be held in trust by Esther A. Peters during the lifetime of her three remaining living children for their benefit, and upon their death to Esther A. Peters, in fee.

The complaint recites that the instrument was admitted to probate in the county court of Whiteside county. A copy of the will was attached to the complaint as an exhibit. The complaint further alleges that Mary A. Peters was of unsound mind and memory at the time of the signing of said instrument and that Esther A. Peters exerted undue influence and fraudulent practices upon said Mary A. Peters in securing the execution of the will, in furtherance of a conspiracy between Esther A. Peters and Mabel Peters Carpenter, to exercise undue acts and fraudulent practices upon and over Mary A. Peters, and that during the last ten years of her life Mary A. Peters was very feeble mentally and physically. It is also alleged that the purported will, if it was in fact executed by Mary A. Peters, was not executed on the day it bears date, December 27, 1934, but was executed on or about the month of July, 1938. It is also alleged that the signature to said purported will is not the genuine signature of Mary A. Peters. Appellee's answer admitted the relation of the parties, but denied all the other material allegations of the complaint.

Appellants did not offer the will in evidence and at the close of their case appellees filed a motion asking that

the court withdraw from the jury the issues raised by the charges in the complaint and instruct the jury to find the will in question was the last will and testament of Mary A. Peters. The motion was allowed, and the jury found, on instruction by the court, that the will was the valid will of Mary A. Peters.

Appellants urged that it was unnecessary that they offer the purported will in evidence where the complaint alleges and the answer admits the probate of such a document as a last will and testament, as facts admitted by the pleadings need not be proved. Appellants also argue that it was error to direct a verdict in favor of the defendants as there was evidence from which a jury could reasonably find that the testatrix was of unsound mind. Complaint is also made of rulings on evidence.

Was it necessary that appellants offer the purported will in evidence as a part of their case? A copy was attached to the complaint. It was alleged and admitted that such instrument was admitted to probate. Rule 25 of this court (370 Ill. 28) provides: "In proceedings to contest the validity of a will, testament or codicil, the contestant shall in the first instance proceed with proof to establish the invalidity of such instrument, and the proponent may then present evidence to sustain the will, testament or codicil." That rule did not change or affect the substantive law of wills. (*Ginsberg* v. *Ginsberg,* 361 Ill. 499.) While several issues of fact were made up in the pleadings, no issue was made on the existence of the instrument in question, or that the copy attached to the complaint was not correct. That, together with the allegation that it was probated, was, as we have seen, admitted. It is unnecessary to introduce evidence to prove facts admitted by the pleadings. (*Dial* v. *Welker,* 332 Ill. 509; *Macaulay* v. *Jones,* 295 id. 614.) In this case, the complaint having alleged in general terms

the contents of the will, and so described it as to afford positive identification, alleged its probate, and attached a copy thereof to the complaint, all of which allegations were admitted by the answer, it was not necessary to make proof of the instrument by offering it in evidence.

Was it error to direct a verdict finding the instrument in question to be the last will and testament of Mary A. Peters? Whether the question arises in actions at law or in will contest cases under section 7 of the Wills act, the rule governing the allowance of a motion for directed verdict is the same. (*Geiger* v. *Geiger,* 247 Ill. 629; *Woodman* v. *Illinois Trust and Savings Bank,* 211 id. 578; *Thompson* v. *Bennett,* 194 id. 57; *Purdy* v. *Hall,* 134 id. 298.) The motion for a directed verdict presents the question whether there is any evidence fairly tending to prove the cause of action or fact affirmed. The court does not, on such motion, weigh the evidence or consider its preponderance. (*Greenlees* v. *Allen,* 341 Ill. 262; *Geiger* v. *Geiger, supra; Rack* v. *Chicago City Railway Co.* 173 Ill. 289.) That rule is that if the contestant's evidence, when considered in its aspect most favorable to him, together with all reasonable presumptions and inferences to be drawn therefrom, tends to establish his case, the cause or issue should not be withdrawn from the jury. The question raised by such a motion is whether there is any evidence fairly tending to prove the allegations of the complaint. (*Ginsberg* v. *Ginsberg, supra.*) To apply this rule, a brief reference to the contestant's testimony is necessary. None of the witnesses for appellants was present on the day the will was executed, but a number of them testified to having seen and conversed with the testatrix at various times from 1930 up to and beyond December 27, 1934, the date the will was executed. Appellants' witnesses all testified to a gradual weakening of the mind of the testatrix from ap-

proximately 1932 to the time of her death. There was no testimony of any improvement of her mental condition at any time. Most of appellants' witnesses testified to her inability to carry on a connected conversation, but she would start on one topic and without any apparent reason change to some other. Some of the witnesses were permitted to express an opinion as to whether she was of sound mind and memory on the day the will was executed. Other opinions were not received, apparently on the ground that the times of their conversations were too remote from the date of the execution of the will. Some of the testimony pertaining to conversations with the testatrix was objected to and stricken, apparently on the ground it was too remote.

Most of appellants' witnesses testified to the continued progress of the mental weakness. It was the province of the jury to determine, from the evidence, whether the testatrix was of sound mind and memory when she executed the will.

As the case must be retried, an extended discussion of the testimony of contestant's witnesses is not advisable, but it may be pointed out that Ralph James, who had lived within three miles of the testatrix for over fifty years and had known her all his life, testified that he was frequently at the Peters home and seldom went there that he did not converse with the testatrix; that he saw her about thirty times a year from 1930 to 1934. He testified that in his opinion she was not of sound mind when he saw her in the summer of 1934, a few months before the will was executed. To like effect was the testimony of Leo William McLan. These two witnesses related sufficient facts to render their opinions admissible. Other witnesses offered like testimony, some of which was admitted and some refused. Opinions of lay witnesses as to the competency of the testator in a will contest are admissible when they show opportunities for observation and state sufficient facts upon

which to base such opinion. (*Sulzberger* v. *Sulzberger*, 372 Ill. 240; *Craig* v. *Southard*, 148 id. 37.) Proof of the mental condition of the testator a reasonable time before or after the making of a will may be received where it tends to show mental condition at the time of the execution of the instrument. A mental condition shown to exist is presumed to continue, if it be of a continuous nature. (*Todd* v. *Todd*, 221 Ill. 410.) Some of the contestant's witnesses who were excluded, should have been allowed to testify. There was sufficient competent evidence to go to the jury on this question.

Appellants insist the trial court erred in sustaining objections to the competency of the wife of appellant George Peters and the husband of appellant Mabel Peters Carpenter as witnesses for them. Appellants do not contend that either George Peters or Mabel Peters Carpenter were competent to testify as witnesses to anything that took place during Mary A. Peters' lifetime. As they were incompetent, their wife and husband, respectively, were also incompetent. *Jones* v. *Abbott*, 235 Ill. 220; *Smith* v. *Smith*, 168 id. 488; *Bevelot* v. *Lestrade*, 153 id. 625; *Shovers* v. *Warrick*, 152 id. 355; *Way* v. *Harriman*, 126 id. 132; *Treleaven* v. *Dixon*, 119 id. 548.

The chancellor did not err in withdrawing from the jury issues of undue influence, fiduciary relationship, forgery and fraud, as those issues were unsupported by any evidence. The cause should have gone to the jury on the issue of the testamentary competency of the testatrix.

For the error in directing a verdict and dismissing the bill, the decree of the circuit court is reversed and the cause remanded for a new trial. *Reversed and remanded.*