(No. 26370.—

EDWARD G. HUNT, Appellant, *vs.* VERMILION · COUNTY
CHILDREN'S HOME *et al.*, Appellees.

*Opinion filed September 21, 1942—Rehearing denied Nov. 11, 1942.*

STEELY, STEELY, GRAHAM & DYSERT, and CHESTER D. KERN, (WALTER V. DYSERT, of counsel,) for appellant.

HAROLD F. LINDLEY, JOHN E. SEBAT, ACTON, ACTON, BALDWIN & BOOKWALTER, and HORACE E. GUNN, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a suit filed by appellant in the circuit court of Vermilion county to contest and set aside the last will and testament of John T. Lawson, deceased.

Upon the complaint and answer an issue of law was made as to whether or not the instrument in question was the will of the testator. The only question involved was the testamentary capacity of the testator. This issue was tried before a jury. More than eighty witnesses testified. Thirty or more of the witnesses, who were called by the plaintiff, expressed the opinion that the testator was not of sound mind. Forty or more of the witnesses examined by the defendants expressed the opinion that he was of sound mind and capable of transacting ordinary business.

At the close of plaintiff's evidence, the defendants moved for a directed verdict sustaining the will. This motion was denied. At the close of all the evidence a like motion was presented. A ruling on this motion was reserved by the court as authorized by section 68(3)a, of the Civil Practice Act (Ill. Rev. Stat. 1941, chap. 110, par. 192(3)a.) There-

upon, the cause was submitted to the jury on instructions. The jury returned a verdict finding the issues for the plaintiff and that the writing in question was not the last will and testament of John T. Lawson, deceased. After this verdict was returned, defendants filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. A motion for a new trial was filed with the motion for judgment *non obstante veredicto*. The motion for judgment *non obstante veredicto* was allowed and a final decree was entered setting aside the verdict of the jury and finding and decreeing that the will in question was the last will and testament of John T. Lawson, deceased.

Thereafter, appellant filed a motion to set aside the decree. This motion was denied. Appellant has brought this appeal to review the action of the court in setting aside the verdict of the jury and entering the decree by which the court found and decreed that the instrument in question was the last will and testament of John T. Lawson, deceased.

The only question involved on this appeal is the action of the court in setting aside the verdict of the jury and entering the judgment or decree notwithstanding the verdict. No other questions can be considered. The rule is well settled that the contest of a will is strictly a statutory and not an ordinary proceeding in chancery. The cause is tried upon an issue at law whether or not the writing produced is the will of the testator. The statute provides that this issue shall be tried by jury unless a jury is waived. (*Joyal v. Pilotte,* 293 Ill. 377.) The verdict of the jury in this character of a case has the same force and effect as the verdict of a jury in an action of law. *Voodry v. University of Illinois,* 251 Ill. 48.

A motion for a directed verdict in a will contest is governed by the same rules which govern such motions in actions at law. The party resisting such motion is entitled to the benefit of all of the evidence in his favor and the only question on review is whether there is any evidence

in the record tending to prove the complaint. *Ryan* v. *Deneen,* 375 Ill. 452; *Ginsberg* v. *Ginsberg,* 361 id. 499; *Greenlees* v. *Allen,* 341 id. 262.

In the case of *Peters* v. *Peters,* 376 Ill. 237, this court said, "That rule is that if the contestant's evidence, when considered in its aspect most favorable to him, together with all reasonable presumptions and inferences to be drawn therefrom, tends to establish his case, the cause or issue should not be withdrawn from the jury. The question raised by such a motion is whether there is any evidence fairly tending to prove the allegations of the complaint. *Ginsberg* v. *Ginsberg, supra."*

A motion for judgment notwithstanding the verdict under the above section of the Civil Practice Act has the same effect as a motion for a directed verdict and raises the same questions. Such a motion raises as a question of law whether from the evidence in favor of the plaintiff, if considered as true, together with the inferences that may be legitimately drawn therefrom, the jury might reasonably have found for plaintiff. Neither the trial court nor this court on appeal is permitted to weigh the evidence to determine where the preponderance lies. It is not a question of whether the verdict is against the weight of the evidence. The sole question is, whether the evidence, when considered to be true, together with all legitimate inferences to be drawn therefrom, tends to prove the plaintiff's case. *Walaite* v. *Chicago, Rock Island and Pacific Railway Co.* 376 Ill. 59; *Froehler* v. *North American Life Ins. Co.* 374 id. 17.

It follows that the court, in passing on the motion for judgment notwithstanding the verdict, was limited to the determination of one fact, *viz.:* Was there any evidence in the record when considered as true, which with all the legitimate inferences to be drawn therefrom, tended to support the finding of the jury that the testator was lacking in testamentary capacity. This makes it necessary to con-

sider only the evidence offered by plaintiff. If there is legitimate evidence in the record tending to support the plaintiff's case on the issue of the testamentary capacity of the deceased the court erred in entering the decree sustaining the will, notwithstanding the verdict.

As already observed, some 37 witnesses testified on behalf of the plaintiff. Thirty or more of these witnesses expressed the opinion that the testator was of unsound mind.

The rule is that the opinions of lay witnesses must be based upon facts to which the witnesses have testified. If a lay witness does not testify to facts sufficient to support an opinion as to the mental capacity of the testator, then such witness may not express an opinion as to his mental capacity. (*Lewis* v. *Deamude,* 376 Ill. 219; *Ginsberg* v. *Ginsberg, supra; Britt* v. *Darnell,* 315 Ill. 385; *Baddeley* v. *Watkins,* 293 id. 394; *Lloyd* v. *Rush,* 273 id. 489; *Brainard* v. *Brainard,* 259 id. 613.) Where a lay witness testifies to facts which are sufficient to form a legitimate basis for the expression of an opinion touching the mental capacity of the testator, he may express such opinion. In all cases the weight to be given to the opinion of the witness, so expressed, depends upon the facts to which he has testified and upon which he bases his opinion. The weight of the opinion expressed, however, is a question for the jury, and not for the court.

Under the above rule if the contestant's evidence, when considered in its aspect most favorable to him, together with all reasonable presumptions and inferences to be drawn therefrom, tends to establish his case, the cause or issue should not be withdrawn from the jury. The question raised by a motion for a directed verdict is whether there is any evidence which tends to prove the allegations of the complaint. *Peters* v. *Peters, supra.*

In *Walaite* v. *Chicago, Rock Island and Pacific Railway Co. supra,* it was said "If there is in the record evidence, which, standing alone, tends to prove the material allega-

tions of the complaint, a motion for judgment notwithstanding the verdict, should be denied, even though upon the entire record the evidence may preponderate against the plaintiff so that the verdict in his favor cannot stand when tested by a motion for a new trial."

On a motion for a new trial the court may weigh the evidence for the purpose of determining whether the verdict is contrary to the weight of the evidence, and, if the court so finds, a new trial should be granted. (*People ex rel. Bibb* v. *Mayor of Alton,* 209 Ill. 461; *People ex rel. Illinois Midland Railway Co.* v. *Town of Waynesville,* 88 id. 469; *Maynz* v. *Ziegler,* 49 id. 303.) The court cannot properly consider the weight of the evidence on a motion for judgment notwithstanding the verdict.

To set out the testimony of the witnesses who expressed opinions that the testator was not of sound mind, would serve no useful purpose, and would unduly extend this opinion. It is sufficient to say that from a careful examination of such testimony, we are of the opinion that at least some of these witnesses testified to facts constituting a legitimate basis for the expression of opinions by lay witnesses, as to the mental capacity of the deceased. Several of these witnesses lived near the testator and had known him for many years. They were frequently at his home and conversed with him often. They related sufficient facts to render their opinions as to his mental capacity admissible. They showed that the witnesses had opportunities for observation of the deceased and stated sufficient facts upon which to base the opinions expressed. This was sufficient. Their opinions were admissible and were to be given such weight as the jury believed they were entitled to. (*Peters* v. *Peters, supra.*) The court could not weigh these opinions, nor the facts upon which they were based, in disposing of the motion for judgment notwithstanding the verdict. In this state of the record, it cannot be said that there was no evidence which, if taken as true,

with all legitimate inferences, and considered in its most favorable aspect, tended to show testamentary incapacity. We express no opinion as to what the ruling of the court should be on the motion for a new trial. That question is not before us for decision.

The decree is reversed and the cause is remanded to the circuit court of Vermilion county with directions to set aside the decree entered and to consider the motion of the defendants for a new trial and for further proceedings in due course of law.

*Reversed and remanded, with directions.*