Mary Ann Schwickrath, Minor, by Charles P. Schwickrath, Her Father and Next Friend, and Charles P. Schwickrath, Appellants, v. Frank O. Lowden et al., Trustees, Appellees.

Gen. No. 42,254.

Opinion filed January 25, 1943. Rehearing denied February 9, 1943.

ROYAL W. IRWIN, of Chicago, for appellants.

MILTON V. THOMPSON and EATON ADAMS, both of Chicago, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, a school girl 15 years of age, was returning home from school on a northbound suburban train of the defendants, as was her daily habit; as it approached the station at 99th street where she was preparing to alight, she was thrown from the platform and severely injured; she brought suit for damages and had a verdict of $25,000; there was also a verdict for her father, Charles B. Schwickrath, of $3,600 for medical expenses connected with the injuries to his daughter. The defendants moved to enter judgment in their favor notwithstanding the verdict, which motion was allowed, and from the adverse judgment plaintiffs appeal.

It is the established rule that on a motion for a judgment notwithstanding the verdict which has been allowed, the question presented to the reviewing court is whether there is any evidence which, taken with its intendments most favorable to the plaintiff, tends to prove the charge of the complaint, and if there is any evidence which, standing alone, tends to prove the material allegations of the complaint, the motion for judgment notwithstanding the verdict should be denied, even though upon the entire record the evidence may preponderate against the plaintiff so that the verdict in his favor cannot stand when tested by a motion for a new trial. *Walaite v. Chicago, R. I. & P. Ry. Co.,* 376 Ill. 59.

At the point where plaintiff was injured defendants' two railroad tracks run parallel curving toward the north. The coach on which plaintiff was riding was the ordinary passenger coach and at each end was an open platform from which three or four steps ran downwards; on either side of these platforms at the top of the steps were iron gates which when opened swing back against the body of the car.

As the train approached the 99th street station plaintiff, as had been her custom, arose from her seat, walked to the head end of the car and stood on the platform preparatory to alighting at her station from the left of the platform; as she stood there waiting for the train to stop she held by her left hand to the handhold; the gate to her right was closed, the one to her left was open; she testified that she hung onto the rail very tightly with her left hand; that they were very close to the station; the track curves at that point and she said that "When we hit the curve I knew there was a violent lurch and it threw me and that is all. It jerked my hand loose from the railing and threw me when it struck the curve. I was holding on with my left hand very tightly and when it hit the curve, why, it lurched me off, like knocking a prop from under me." She was alone on the platform at the time. She was thrown to the ground and received severe injuries.

One of the charges of negligence stated in the complaint was that the car was carelessly and negligently jerked violently from side to side, throwing plaintiff to the ground.

Plaintiff's testimony as to the unusual swaying and jerking of the train at this time is supported by other witnesses. Edward Hudon was in one of the coaches and as the train approached the station he says it "gave a kind of jerk . . . a lurch from one side to the other. . . . It was not the same kind of movement I felt when I went along the tracks before.

. . . This time it happened to be a little more of a jerk than other times. . . . It had an effect on me''; that he was shaken east to the west and back again. Agnes Massias, a passenger, testified that she remembered distinctly that the train as it turned the bend "jerked pretty suddenly . . . And it jolted me from side to side in my seat.'' Fred Faulkner also testified that as the train approached the curve he noticed it was going faster than usual and that as it hit the curve it gave a sideward lurch that was much greater than usual, and a book which he was holding on his lap fell. A number of defendants' witnesses testified that they were riding on the train at the time and did not notice any unusual jerk or lurching of the train as it approached the 99th street station.

The testimony on behalf of plaintiff tended to show that the train approached the station at unusual speed and that when it struck the curve or as it was being stopped it jerked or lurched, as testified to by plaintiff's witnesses. There was thus presented a question of fact as to the movement of the train. Applying the rule stated in the case above cited, the trial court was not justified in passing upon the question of fact as to the presence or absence of a severe jerking of the train from side to side, throwing plaintiff off the platform.

The trial court based its order for judgment for the defendants notwithstanding the verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law. Apparently this was because of the fact that plaintiff was standing on the platform waiting for the train to stop, expecting to alight, when the lurching motion of the train occurred. There was evidence that it was customary for passengers intending to alight from the train to go out onto the platform as the train approached the station, and the custom is so well established that the court will take judicial notice

that passengers intending to alight must of necessity go on the platform.

Defendants seem to rely upon the presence of certain signs near the doors to the effect that passengers are not allowed to ride on the steps or platforms and must remain seated until the train comes to a full stop. It is in evidence that this rule is not strictly enforced; that passengers about to alight go to the platform for this purpose, as they are bound to do. Plaintiff herself testified that she went out to the platform, ''as was my usual habit,'' to alight. The conductor testified that as the trains approach stations he has seen passengers get up and walk to the door. Under these circumstances it was a question for the jury to determine whether the plaintiff, in her actions, was guilty of contributory negligence. We cannot agree that she was so guilty as a matter of law.

Also charged as negligence was the failure of defendants to keep the gates on the platform closed while the train was in motion. Plaintiff cites a number of cases tending to support the proposition that under certain circumstances it is the duty of the defendant to keep such gates closed so as to protect passengers going from one coach to another, or in standing on the platform preparatory to alighting. Defendant cites a number of cases, involving somewhat different circumstances, holding that the gates were not installed for the protection of passengers but to keep them from alighting nearest the parallel track, upon which other trains might be running. Again we have presented a question of fact as to whether the gate on the platform of the coach from which plaintiff was thrown should have been kept closed until the train stopped. It is sufficient to say, considering the many cases cited by both parties, that the questions of contributory negligence and of due care for the safety of the passengers there presented were held to be questions of

fact which called for the conclusion of the jury. We are of the opinion this case involved such questions.

Under Supreme Court Rule 22, in effect November 25, 1941, a party who fails to file a motion for a new trial shall be deemed to have waived the right to apply for a new trial. The instant record shows that the defendants filed no motion for a new trial. It is therefore the duty of this court, if it disagrees with the order of the trial judge entering judgment for the defendants notwithstanding the verdict, to reverse this order and to enter judgments here against the defendants upon the verdicts, and it is so ordered.

*Judgment reversed and judgments for plaintiffs entered in this court upon the verdicts.*

MATCHETT, P. J., and O'CONNOR, J., concur.