Millikin National Bank of Decatur, Appellant, v. Shellabarger Grain Products Company et al., Appellees.

Gen. No. 9,418.

Heard in this court at the October term, 1943. Opinion filed February 29, 1944. Opinion modified and rehearing denied May 2, 1944.

LEE BOLAND and LEFORGEE, SAMUELS & MILLER, all of Decatur, for appellant.

HAL M. STONE, of Bloomington, and EMANUAL ROSENBERG, of Decatur, for appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

This action arises out of a series of financial transactions between the Shellabarger Grain Products Co., a corporation, organized to process soy beans and the Millikin National Bank of Decatur, Illinois. In March 1936, the corporation was indebted to the Bank and others, in the aggregate sum of $66,000. The Millikin National Bank held a promissory note for $28,030.30 and the Citizens National Bank of Decatur held one for $7,030.30. These notes were executed in the name of the corporation, matured on March 23, 1938 and were secured by trust deeds on corporation property to David S. Shellabarger. In June 1936, new notes of like amounts executed by the corporation and W. L. Shellabarger were substituted for those in existence, the maturity dates remaining the same. Interest was paid on these notes until June 25, 1938 but nothing was paid on their principal. During this period the corporation was in a precarious financial condition and much of its working capital was obtained by credits extended by the Millikin National Bank on warehouse receipts and assignments of accounts receivable.

W. L. Shellabarger conferred frequently with the Bank officers concerning the financial affairs of the corporation and on several instances refinancing plans were discussed. Two attempts were made to secure a loan from the Reconstruction Finance Corporation but both were unsuccessful. Thereafter, attempts were made to procure capital loans from Evan G. Swanson of Chicago, a friend of Shellabarger. These efforts were also unsuccessful.

In January 1938, Shellabarger commenced negotiations with Spencer Kellogg and Sons, Inc., for the sale of the corporation's plant and assets. Representatives of Spencer Kellogg visited the plant and on June 13, 1938 Shellabarger went to Buffalo for conferences with the officials of Spencer Kellogg and Sons. At those conferences, terms of sale were agreed upon and the corporation's plant and assets were sold for $250,000. It was agreed that the Kellogg organization would take over the business as of May 31, 1938 and would advance funds on proper security to supply working capital pending formal transfer of the assets.

Mr. Shellabarger left Buffalo on June 15, 1938 and arrived in Chicago on June 16. While in Chicago, Shellabarger visited Swanson who dictated a letter addressed to Shellabarger Grain Products Company. This letter discussed refinancing plans and stated that if the corporation could "obtain a definite statement or commitment from the owners and holders of said mortgage, good for approximately sixty days, as to what they will accept in cash in full payment therefor, we believe we have one source that may be interested." On June 17, 1938 Shellabarger had a conference with Mr. McGaughey, president of the Millikin Bank and showed him this letter. McGaughey returned the letter to Shellabarger stating that there was no definite proposition in the letter and nothing to consider. On the same day Shellabarger wrote a letter to the bank offering to take up the corporation notes at a substan-

tial discount. After receipt of this letter McGaughey consulted the board of directors of the bank who refused to consider it. On June 25, 1938, Shellabarger accompanied by his attorney again had a conference with McGaughey and announced that he had some money to take up the corporation's notes, if a discount could be arranged. He proposed a discount of $8,030.30 and accrued interest which McGaughey immediately discussed with his directors. The proposition was accepted and the notes were paid and canceled.

At no time during these negotiations did the Bank or Mr. McGaughey know about the sale of the assets of the corporation to the Kellogg Company. It is clear from the record that Shellabarger was careful that the Bank should not learn of the sale and he so testified at the trial. On August 24, 1938 the Bank filed this suit against the corporation, Shellabarger and the stockholders of the corporation alleging fraud, misrepresentation and concealment and asking judgment for the balance due on the notes of $8,030.30 and accrued interest. The cause was first tried before the circuit court of Macon county and a verdict for defendants was returned by the jury. This verdict was set aside by the court and a new trial granted. The cause was retried in December 1942 and a verdict for plaintiff was returned. Defendants filed alternate motions for new trial and judgment notwithstanding the verdict. The court overruled the motion for new trial but entered a judgment notwithstanding the verdict against plaintiff for costs. Plaintiff has appealed to this court.

The law is clear in this State that mere passive concealment of pertinent facts during a business transaction does not amount to fraud if only a course of silence is pursued and no confidential relationship exists between the parties. *Bundesen v. Lewis,* 368 Ill. 623; *Graham v. Meyer,* 99 N. Y. 611, 1 N. E. 143. If

either party desires information he must ask for it. On the other hand where silence is accompanied by deceptive conduct, active concealment results which amounts to fraud. *Leonard v. Springer,* 197 Ill. 532; *Schroeder v. Otto,* 240 Ill. App. 567; *Crompton v. Beedle,* 83 Vt. 287, 75 Atl. 331. We believe that a jury might properly find that the letter from Swanson prepared during Shellabarger's visit in Chicago for the avowed purpose of obtaining a discount from the bank was used to deceive the Bank and that this deception induced the Bank and its officers to allow the discount. It is important to note that at the time this letter was prepared, the assets of the corporation had already been sold. We do not believe that the effect of this letter need be so circumscribed. A jury might properly find that it became interwoven in the chain of events which resulted in the discount granted eight days later.

Judgment for the defendants here was entered on a motion for judgment notwithstanding a verdict for plaintiff. In considering such a motion, a trial court must determine whether there is any evidence in the record, taken in the aspect most favorable to the contestant which fairly tends to prove the cause of action. *Knudson v. Knudson,* 382 Ill. 492; *Hunt v. Vermilion County Children's Home,* 381 Ill. 29. We believe that the circumstances surrounding the letter referred to above might fairly be considered evidence of fraud. The trial court therefore erred in disturbing the verdict of the jury.

For the reasons stated herein the judgment of the circuit court of Macon county is reversed and cause remanded to that court with directions to vacate and set aside the judgment notwithstanding the verdict, deny the motion therefor and enter judgment for the plaintiff on the verdict of the jury for the amount thereof and costs of suit.

*Reversed and remanded with directions.*