Jacoby B. Jacobsen, Appellee, v. Thomas J. Friel et al., Trustees, Trading as Chicago Surface Lines, Appellants.

Gen. No. 43,407.

Opinion filed June 26, 1947. Released for publication July 8, 1947.

FRANK L. KRIETE, WARNER H. ROBINSON and AR-THUR J. DONOVAN, all of Chicago, for appellants; WILLIAM J. FLAHERTY, of Chicago, of counsel.

H. H. PATTERSON, of Chicago, for appellee; EDMUND C. MAURER, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse a judgment for $10,000 entered against defendants on the verdict of a jury in an action brought by plaintiff, Jacoby B. Jacobsen, to recover damages for personal injuries alleged to have

been sustained by him by reason of defendants' negligence.

For a proper understanding of the only question that requires determination on this appeal it is necessary to refer to two other judgment orders entered by the trial court in this case which were reviewed by us on prior appeals and to the judgment orders entered by this court on said appeals.

After the jury returned its verdict finding defendants guilty and assessing plaintiff's damages at $10,000, defendants filed written motions in the alternative for judgment notwithstanding the verdict and for a new trial. The trial court entered judgment in favor of defendants notwithstanding the verdict but did not pass upon the motion for a new trial. The first of the prior appeals was prosecuted by plaintiff from such judgment. We held on that appeal (*Jacobsen v. Cummings*, 318 Ill. App. 464) that "plaintiff made out a prima facie case that he was in the exercise of ordinary care for his own safety, that defendants were negligent in the operation of their street car and that their negligence was the proximate cause of his injury" and our opinion filed therein concluded with the following judgment order: "The judgment of the Superior court of Cook county is reversed and *the cause is remanded for the disposition of defendants' motion for a new trial* and for such further proceedings as are not inconsistent with the views herein expressed." Pursuant to said opinion and judgment order the mandate of this court issued and was filed in the Superior court. The mandate, after setting forth the reversal of the judgment, stated that the cause was remanded to the Superior court of Cook county *"for the disposition of defendants' motion for a new trial* and for such other and further proceedings as to law and justice shall appertain, as are not inconsistent with the views expressed in the opinion of this court this day filed herein." (Italics ours.)

When defendants' motion for a new trial came on for hearing after remandment, the trial judge misconstrued the mandate of this court as a direction to overrule said motion for a new trial, refused to pass upon the merits of the motion or to permit defendants' counsel to argue the alleged errors set forth therein and entered the following judgment order:

"This cause coming on now to be heard on the motion for new trial heretofore filed in this cause by defendants, doing business as Chicago Surface Lines, said motion being now before the court and counsel for said defendants expressed his intention to argue each of the points set forth in said motion for new trial and stated to the court that the Appellate Court had remanded the cause to this court for the purpose of passing upon said motion for new trial; *but the court being of the opinion that the cause was remanded by the Appellate Court for the specific purpose of overruling said motion for a new trial and entering judgment on the verdict, refuses to hear any argument on said motion for a new trial and it is therefore ordered that said motion for a new trial be and the same is hereby overruled and a new trial denied* and that judgment be and the same is hereby entered upon the verdict in favor of plaintiff and against the defendants in the sum of $10,000.00 and costs of suit, to which action and ruling of the court, defendants and each of them, by their counsel, then and there duly objected and excepted." (Italics ours.)

The second appeal in this case was prosecuted by defendants from the foregoing judgment order. On that appeal we reversed said judgment order because of the erroneous refusal of the trial court to consider and pass upon defendants' motion for a new trial on its merits and remanded the cause *"with directions that the trial court pass upon defendants' motion for a new trial* and that such other and further proceedings be had as may be appropriate and not inconsistent with this opinion."

In our opinion filed on the second appeal (*Jacobsen v. Cummings,* 323 Ill. App. 290, Abst.) we said:

"There is nothing contained in the opinion or judgment order of this court on the prior appeal or in the mandate issued pursuant thereto that is susceptible of the construction that the trial court was directed by said judgment order or mandate to overrule defendants' motion for a new trial and enter judgment on the verdict. This court had no jurisdiction to consider or determine defendants' motion for a new trial or any questions presented thereby and we did not assume to exercise jurisdiction in that regard. Neither did we have nor assume to exercise jurisdiction to direct the trial court to overrule defendants' motion for a new trial and enter judgment on the verdict. The trial court had exclusive jurisdiction to pass upon the motion for a new trial and this court, having reversed the judgment in favor of defendants notwithstanding the verdict, remanded the cause with the specific direction to the trial court to dispose of defendants' alternative motion for a new trial.

"The sole question presented on the former appeal was whether there was any evidence in the record which showed or tended to show that plaintiff was not guilty of contributory negligence and that defendants were guilty of negligence which was the proximate cause of plaintiff's injuries or, in other words, whether plaintiff made out a prima facie case as to defendants' liability. In our opinion filed on the prior appeal the only evidence considered or discussed in determining that question was the testimony of plaintiff himself and our discussion of his testimony was necessarily confined exclusively to such question.

"In the recent case of *Goodrich v. Sprague,* 376 Ill. 80, there was a verdict for the plaintiff for $5,000. The defendant therein filed a motion for judgment notwithstanding the verdict and an alternative motion for a new trial. The trial court allowed the motion for judgment notwithstanding the verdict and entered

judgment for the defendant. The alternative motion for a new trial was not considered. On appeal this court reversed the judgment entered by the trial court notwithstanding the verdict, passed upon and denied the alternative motion for a new trial and entered judgment on the verdict for the plaintiff for $5,000. In reversing the judgment of this court the Supreme court said at pp. 86 and 87:

" 'In this case, notwithstanding an alternative motion for a new trial was filed with the motion for judgment notwithstanding the verdict, to be passed upon by the trial court in case the motion for judgment was overruled, the trial court passed only upon the motion for judgment, sustaining the same. The alternative motion was undisposed of. The office of the Appellate Court is to review rulings, orders, or judgments of the court below, contained in the record, and matters not ruled upon by the inferior court are not subject to the consideration of the Appellate Court unless the lower court's failure to rule is made the subject of an assignment of error, in which case the propriety of such failure is the question presented to the Appellate Court and not the merits of the matter upon which the trial court refuses to act. In other words, the Appellate Court's jurisdiction is appellate, and extends only to those matters in controversy which have been ruled upon by the trial court. There is nothing in the Civil Practice Act which denies to a party the right to file an alternative motion. . . . The Appellate Court, in determining that plaintiff in error was not entitled to a new trial and in entering judgment on the verdict, was exercising original jurisdiction. It was not reviewing the decision of the *nisi prius* court. This, under our constitution, as we have seen, it had no jurisdiction to do, and the judgment entered for the defendant was erroneous. It necessarily follows that paragraph 3c of section 68, in so far as it purports to grant power to the Appellate

Court to pass upon a motion for a new trial not passed on by the trial court and to enter judgment on the verdict of the jury, is unconstitutional as an attempt by legislation to confer original jurisdiction upon a reviewing court, prohibited by the constitution of this State. Had the trial court passed on both motions this question would not have arisen. The Appellate Court should have remanded the cause to the trial court to pass upon the motion for a new trial.'

"The *Goodrich* case is conclusive as to the proper procedure to be followed both by the Appellate Court and the trial court, where a judgment notwithstanding the verdict is reversed and an alternative motion for a new trial remains undisposed of in the trial court.

"While it is true that the trial court overruled defendants' motion for a new trial, it did not do so in the exercise of its own jurisdiction to pass upon such motion but rather because it misconstrued the judgment order and mandate of this court as a specific direction to deny the motion for a new trial and enter judgment on the verdict. Since the trial court's ruling on defendants' motion for a new trial was not made in the exercise of its own jurisdiction but was predicated entirely upon an assumed direction which was not contained in our judgment order on the former appeal or in the mandate issued pursuant thereto and which this court had no jurisdiction to give, it must be held that defendants have been improperly deprived of their right under the law to a determination of their motion for a new trial on its merits. The jurisdiction to pass upon said motion resting solely in the trial court and it having refused to exercise its jurisdiction in respect thereto, this court is without jurisdiction now, just as it was on the prior appeal, to determine upon their merits the questions raised by defendants' motion for a new trial. As was said in the *Goodrich* case, '*matters not ruled upon by the inferior court are not subject to the consideration of the Appellate*

*Court unless the lower court's failure to rule is made the subject of an assignment of error, in which case the propriety of such failure is the question presented to the Appellate and not the merits of the matter upon which the trial court refuses to act.' "* (Italics ours.)

It will be noted that on the record before this court on the first appeal the only matter presented for our determination and that we had jurisdiction to review was the propriety of the judgment entered in favor of defendants notwithstanding the verdict and that we reversed that judgment and remanded the cause for the disposition of defendants' motion for a new trial, which was pending and undisposed of in the trial court.

It will be further noted that on the record before us on the second appeal the only question presented for our determination and that we had jurisdiction to review was the propriety of the failure and refusal of the trial court to pass upon the motion for a new trial on its merits, as directed by the mandate of this court filed in the superior court pursuant to our opinion and judgment order on the first appeal.

When defendants' motion for a new trial came on for hearing after the second remandment of this cause, the trial court permitted the attorney for defendants to argue fully the points relied on in said motion—that the verdict was not supported by the preponderance of the evidence, that the court erred in giving a certain instruction tendered by plaintiff and that the damages awarded by the jury were excessive. The attorney for plaintiff then argued against the allowance of the motion for a new trial and at the conclusion of the arguments the motion was continued generally.

When the motion for a new trial again came on for hearing, the court and counsel for the parties indulged in a lengthy colloquy, during the course of which the trial judge made the following statements as to his reasons for denying the motion:

"I want to ask you gentlemen this question: If this motion for new trial is denied, that whole record is up there, is it not? The briefs are up there and the record is up there? . . . Can that whole question be decided without additional expense of another record, by substituting this record?"

"If the motion for new trial was granted could we go ahead tomorrow morning—or could you go ahead tomorrow morning—before myself or some other judge, spend two or three days in the trial of the case? It would be practically the same record in the second trial, probably have the same instructions in the second trial, but you have got a completely new record, at expense to all of the parties, to go to the upper court on. . . . There would be the additional expense to go before the Appellate Court, to have them pass upon the very thing they twice have had the opportunity to pass on, but which twice for what might be said to be 'technicalities', they have reversed it.

"What I am trying to get at is this: If the motion for new trial is overruled can that record up there be substituted?"

"The Appellate Court has not passed on what they have got to pass on, and what they should have passed on before."

"What I am trying to do is to get rid of this litigation at the least expense to the litigants."

"Now let me ask you a fair question, and I would like a fair answer. Which would be the least cost, to pass this record as it is up there—it can be substituted? . . . I think it would save the cost and time of preparing your record, abstracting the record; save the time and cost of your brief and argument—or should we spend a couple of days in the trial of the case?"

*"In view of the length of time and in view of the saving of expense, I am going to deny the motion for new trial."*

Defendants contend that "the trial court erred in failing to comply with the mandate of this court; in failing to pass upon the motion for new trial on its merits; in overruling the motion for new trial and in entering judgment upon the verdict without passing upon the motion for new trial on its merits or upon the points raised in said motion for new trial."

The real question now presented is whether the trial court complied with the mandate of this court issued pursuant to our opinion and judgment order on the second appeal, which directed the "Superior court to pass upon defendants' motion for a new trial." The language used in this direction is plain, clear and readily understandable. In legal contemplation the term "pass upon," when used in relation to a motion for a new trial, comprehends a hearing on the motion and the consideration and determination of the points raised therein on their merits.

Did the trial judge pass upon the merits of the points raised in the motion for a new trial? It appears conclusively that he did not. While he allowed the attorneys for the parties to argue fully the questions presented by said motion and while he entered a formal order denying the motion, the record definitely shows on its face that he did not pass upon the merits of the points raised in the motion for a new trial, one of which, as already shown, was that the verdict was not supported by the preponderance of the evidence. The law required an actual ruling by the trial court on the weight of the evidence and the other questions presented by the motion for a new trial, because these were matters of substance which were vital to the interests of the parties. It is true that the trial judge was not required to give a reason for his decision on any of the points raised in the motion for a new trial and it is also true that if the trial judge did not announce any reasons for his denial of such motion, it would have to be assumed on appeal that the

motion was overruled after it had been fairly considered on its merits, but such an assumption is unwarrantable, when, as here, it is affirmatively shown by the record that the order overruling the motion for a new trial was based exclusively upon matters which were entirely foreign to the motion.

Why was the motion for a new trial denied? According to the trial judge, it was denied to save the expense of another trial and the making of another record and "to have them [the Appellate court] pass upon the very thing they twice have had the opportunity to pass on, but which twice for what might be said to be 'technicalities', they have reversed it." A further reason stated by the trial judge for his denial of defendants' motion for a new trial was that "the Appellate court has not passed on what they have got to pass on, and what they should have passed on before." In other words the trial court proceeded solely upon the theory that "the whole question" had been in the Appellate Court twice where it should have been decided and that in order to save the expense of another trial and the making of another record, the motion for a new trial should be overruled and judgment entered on the verdict so that the matters could be again presented to the Appellate Court on the record which was already in this court.

The reasons advanced by the trial court for denying the motion for a new trial have not the slightest bearing on the merits of any question presented by such motion. Notwithstanding the fact that the mandate of this court, containing the simple direction to pass upon the motion for a new trial, constituted the law of this case and was binding upon the superior court (*Stripe v. Yager*, 348 Ill. 362, 365), the trial judge not only failed to comply with said mandate but the language used by him in overruling the motion was in the nature of a direction or, shall we say, an ultimatum to this court to review the questions raised in defendants'

motion for a new trial, regardless of his failure to
pass on the merits of such questions. He even went
further and stated that we reversed the first two judg-
ments entered by him on technicalities, regardless of
the fact that the judgment in favor of defendants *non
obstante veredicto* reviewed on the first appeal was
entered by him, notwithstanding that plaintiff made
out a prima facie case as to defendants' liability and
that the entry of that judgment was contrary to law
and a clear invasion of plaintiff's rights. Nor can it
be said that the judgment reviewed on the second ap-
peal was reversed on a technicality. That judgment
had to be reversed because the trial court erroneously
and wrongfully refused to even grant defendants a
hearing on their motion for a new trial.

 We note from the record that the trial judge
made the following additional statement during the
colloquy hereinbefore referred to between him and
counsel:

"The whole thing was before them. The Appellate
court under the law and under the rulings could have
passed on the questions, regardless of what reasons
were set forth as to the overruling of the motion.
They might consider the record and say, 'His reasons
were all wrong but his decision was right.' . . .
They could very easily have said 'We do not agree
with the reasons for which the judge overruled this
motion,' or 'The overruling was correct, but every-
thing that he said as to the reason why he overruled
it we think is in error and asinine.' "

The rule referred to in the foregoing statement is
that where a proper judgment, decree or order has
been entered after the matters involved therein have
been heard, considered and determined on their merits,
such a judgment, decree or order will be sustained on
appeal, although reasons have been given by the trial
court for its entry which were improper. Even though
this rule were applicable to the situation presented
here, which it is not, it would still be the duty of the

trial court to comply with the mandate of this court and consider and determine the questions presented by the motion for a new trial on their merits. But that rule is not and could not be applicable to the question under consideration here, because a formal order over-ruling a motion for a new trial could never be right or proper, where the record shows that the trial court deliberately failed and refused to consider and deter-mine on their merits the points presented by such motion.

In *Read v. Cummings*, 324 Ill. App. 607, the trial judge in passing on defendants' motion for a new trial refused to consider the weight of the evidence, as did the trial court here. In that case, which is squarely in point, the first division of this court said at pp. 609, 610 and 611:

"The law on this subject is plain. Where a motion is made by defendant at the close of all the evidence to direct a verdict, the court cannot weigh the evidence, but the evidence must be considered in the light most favorable to plaintiff and obviously such motion should then be denied if there is any evidence, more than a scintilla, that may be reasonably construed to prove plaintiff's case. *Libby, McNeill & Libby v. Cook*, 222 Ill. 206. But after the verdict is returned a different question arises. It is then the duty of the trial judge to consider the weight of the evidence and if he is of opinion that plaintiff has not proven his case by a preponderance of the evidence, taking into consideration the fact that the jury has found other-wise, it is his duty to set aside the verdict and grant a new trial. And if the court does not do so but over-rules the motion and enters judgment and the case is then brought to this court, we are not authorized to disturb the verdict on this ground unless the verdict and judgment are against the manifest weight of the evidence. This court in passing on the question must take into consideration not only the verdict of the jury but the fact that the trial judge saw and heard

the witnesses, overruled the motion for a new trial and entered judgment. It requires much more for this court to set aside a verdict and judgment than is required of the trial judge. It is his duty to set aside the verdict if he is of opinion that the plaintiff has not sustained his case by a preponderance of the evidence while the question of the preponderance of the evidence does not arise at all in this court. (*Valant v. Metropolitan Life Ins. Co.,* 302 Ill. App. 196; *Sears, Roebuck & Co. v. Mears-Slayton Lumber Co.,* 226 Ill. App. 287–290.) We are not authorized to disturb the verdict and judgment unless we are of opinion that it is against the manifest weight of the evidence . . .

"The trial court, in passing on the motion for a new trial having failed to consider the weight of the evidence, the judgment cannot stand, and since we have no authority to pass on this question (*Ottawa, Oswego & Fox River Valley R. R. Co. v. McMath,* 91 Ill. 104; *Armour v. Penn. R. R. Co.,* 353 Ill. 575; *Walaite v. C. R. I. & P. Ry. Co.,* 376 Ill. 59; *Zwierzycki v. Met. Life Ins. Co.,* 316 Ill. App. 345) the judgment of the Superior court of Cook county is reversed and the cause remanded to that court with directions to pass on this question."

This court is without jurisdiction now, just as it was on the two prior appeals, to determine on their merits the questions raised by defendants' motion for a new trial, since the trial court in the exercise of its original jurisdiction has failed to pass on such motion on its merits. (*Walaite v. Chicago, R. I. & P. Ry. Co.,* 376 Ill. 59; *Herb v. Pitcairn,* 377 Ill. 405; *Zwierzycki v. Metropolitan Life Ins. Co.,* 316 Ill. App. 345; *Osborn v. Leuffgen,* 312 Ill. App. 251; *Dahlberg v. Chicago City Bank & Trust Co.,* 310 Ill. App. 231.)

In *Millikin Nat. Bank of Decatur v. Shellabarger Grain Products Co.,* 389 Ill. 196, the court said at pp. 199–200:

"In *Herb v. Pitcairn*, 377 Ill. 405, we held that by filing a motion for a directed verdict, a party does not waive the right to file a motion for a new trial; and also, that when the trial court reserves ruling on defendant's motion for a directed verdict and, after verdict for plaintiff, enters judgment for defendant notwithstanding the verdict, the reversal of such judgment by the Appellate Court does not deprive the defendant of the right to a judgment of the trial court upon all questions which could properly be raised upon a motion for new trial. . . .

"The action of the court in giving or refusing instructions, in the admission or rejection of evidence, or other matters involving the conduct of the trial can be considered on this motion, and not on a motion for a judgment notwithstanding the verdict. And, in addition, and perhaps the most important of all, the court has a right to determine whether the evidence is sufficient to justify the verdict. *Hunt v. Vermilion County Children's Home*, 381 Ill. 29."

We do not wish to be understood from anything we have said herein as having an opinion as to whether the motion for a new trial should be denied or allowed.

Error is assigned on this appeal on the failure of the trial court to pass upon defendants' motion for a new trial on its merits as directed by the mandate of this court issued pursuant to our opinion and judgment order on the second appeal and for the reasons stated herein the judgment of the superior court of Cook county is reversed and the cause is remanded with directions that the trial court pass upon defendants' motion for a new trial by allowing the parties a hearing on the points relied on in such motion and by considering and determining such points on their merits and that such other and further proceedings be had as may be appropriate and not inconsistent with this opinion.

*Judgment reversed and cause remanded with directions.*

Friend, P. J., and Scanlan, J., concur.