(No. 26496.— )
CHRISTINA FRIBERG *et al.* Appellees, *vs.* HENRY ZEUTSCHEL *et al.*—(HENRY ZEUTSCHEL, Appellant.)

*Opinion filed March 16, 1942—Rehearing denied May 13, 1942.*

GURDON WILLIAMS, for appellant.

JOHN W. BROWNING, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Albert Zeutschel died November 17, 1940, leaving a last will dated January 8, 1939, which was admitted to probate in Cook county. The appellees are six children of the decedent, and appellant Henry Zeutschel is the remaining child. The other parties defendant in the lower court were the surviving widow and the guardian of her estate, who do not appeal. The will of the deceased devised one third of his estate to his wife, and the remaining two thirds to appellant, and gave nothing to the other children, nor did he mention them in the will.

Appellees filed a will contest charging lack of mental capacity upon the part of the deceased at the time of the execution of the will, and also that it was procured through undue influence upon the part of Henry Zeutschel. After issues had been framed by the trial court the cause was tried before a jury, which found the instrument in question was not the last will of the deceased. Two special interrogatories were submitted, in one of which the jury found that Albert Zeutschel was not of sound mind and memory, and the other in which it found that the purported will was executed at a time when the testator was under undue influence from fraudulent practices by ap-

pellant. A motion for new trial was overruled and a decree entered setting aside the probate and holding the will null and void. Real estate is involved which gives this court jurisdiction.

Appellant assigns a number of errors, which may for the most part be disposed of by determining whether the trial court erred in permitting the contestants to open and close the argument to the jury, and whether the trial court erred in refusing to sustain a motion to exclude from the consideration of the jury the issue of undue influence.

At the time of the execution of the will in question decedent was almost eighty years of age. About November 24, 1938, he was severely injured falling downstairs, and just prior to being removed to a hospital executed a will, which he signed by mark because his injury rendered him unable to write. While in the hospital he was seriously ill with pneumonia and a part of the time semi-conscious. His wife, who was a paralytic, was taken to the hospital and allowed to remain in the same room until he had sufficiently recovered, when they were both removed to St. Ann's Home in Techny, Illinois, and remained there until about January 6, 1939, when they were both permitted to return to their home.

January 8, 1939, the will in question was executed and witnessed at the home of the decedent. It disposed of the property in the same manner as the will of November 24, 1938, but the decedent was able to sign his name on the last occasion, which is one of the reasons assigned for its re-execution.

The evidence upon the question of mental capacity is conflicting, and at the close of the contestants' proof counsel for the defendant conceded there was enough evidence to submit such issue to a jury, but insisted there was insufficient evidence upon that of undue influence. It appears appellant was the only beneficiary among decedent's children; that the attorney who had prepared the will a second time, and the witnesses who attested the will, were

called to the house by appellant; that the latter had been managing the property of his father; and there was some evidence tending to show the father could not carry on a connected conversation and was schooled by appellant as to how he should conduct himself in the bank, so it would permit the contents of the safety box to be delivered to appellant. It also appears that previous to this the bank had refused to honor a power of attorney giving appellant such right of entry. Other circumstances appear in the proof tending to show deceased was old and feeble and that appellant had ascendency over him, such as on one occasion the father was required to leave the room when talking to another son and attorney concerning the preparing of a will. All undue influence was denied, and the various circumstances produced by contestants explained, but still there was evidence in the record tending to establish this charge.

In *Sulzberger* v. *Sulzberger*, 372 Ill. 240, we said that where one benefits largely from a will of a testator enfeebled by age or disease, made through his agency, where others having equal claim to the testator's bounty are absent, he is faced with the presumption that undue influence was exercised, and that the strength of the presumption depends upon the condition of the testator's mind, and that it is not material that the chief beneficiary was not present when the will was actually signed. There was some evidence produced upon all of the elements, which we have said raises some presumption of undue influence. In the same case we also held that where in a will contest the evidence on the issues of mental capacity and undue influence is conflicting, and on either side is sufficient to sustain a verdict, it will not be set aside unless it is contrary to the manifest weight of the evidence.

We consider it unnecessary to review all of the evidence upon the question of testamentary capacity, as sufficient was produced on either side to support whatever verdict the jury might render. While the evidence produced

by the contestants upon the question of undue influence was not as clear as it was upon the question of mental capacity, nevertheless the jury had both of these issues submitted to it by special interrogatory, and it found against the appellant upon each of them. We cannot say we are in a better position to pass upon the weight of the evidence than were the trial court and the jury. We think there was no error of the trial court in refusing to grant a new trial upon the ground of the insufficiency of the evidence upon the issue of undue influence, and no error is assigned that the evidence was not sufficient upon the issue of mental capacity.

Appellant also claims error was committed by the trial court in permitting the contestants to make the opening and closing addresses to the jury. The complaint alleged the making of the last will, the due probate thereof, and annexed a copy of it as an exhibit. The answer admitted these allegations. Preliminary to the trial of the contested issues the proponents identified and offered in evidence the will and also took the testimony of the four attesting witnesses. Appellees then introduced all of their testimony, and defendants then called their witnesses in rebuttal, and contestants offered some evidence in reply. After the evidence was concluded attorney for appellant claimed he had the right to open and close the argument. This was denied by the court.

Appellant claims the burden of introducing evidence shifts to the contestant during the course of the trial, but that the burden of proof in the sense of the obligation to prove the will is that of the testator rests upon the proponents throughout the trial. This was the former procedure in this State, when it was necessary not only for the proponent to make a *prima facie* case by showing the will was in writing and signed by the testator and duly witnessed, but also to offer his proof supporting the validity of the will, which entitled him to open and close the case to the jury. (*Donovan* v. *St. Joseph's Home,* 295 Ill. 125;

*Grosh* v. *Acom,* 325 id. 474; *Dial* v. *Welker,* 332 id. 509.) That procedure, however, has been changed by rule of court and by statute.

After the Civil Practice act was enacted to become effective January 1, 1934, the Supreme Court at the December term, 1933, adopted new rules also effective January 1, 1934. Rule 25 is as follows: "In proceedings to contest the validity of a will, testament, or codicil the contestant shall in the first instance proceed with proof to establish the invalidity of such instrument; and the proponent may then present evidence to sustain the will, testament or codicil." (355 Ill. 27; 370 id. 28.) The validity of this rule and the power of the court to adopt it was sustained in *Ginsberg* v. *Ginsberg,* 361 Ill. 499, and the rule illustrated by *Donovan* v. *St. Joseph's Home, supra,* declared a matter of procedure which came within the inherent rule-making power of the court, and not a substantive part of the law of wills.

In 1939 an act to revise all laws pertaining to probate, descent, distribution and wills, designated the "Probate Act" was enacted to be effective January 1, 1940. Sections 90 to 93, Laws of 1939, page 28, govern will contests; section 92 provides: "Any party to the suit may demand a trial by jury, as in actions at law. An issue at law shall be made whether or not the instrument produced is the will of the testator. The contestant shall in the first instance proceed with proof to establish the invalidity of the will. At the close of the contestant's case, the proponent may present evidence to sustain the will. An authenticated transcript of the testimony of any of the witnesses taken at the time of the hearing on the admission of the will to probate is *admissible* in evidence." It will be observed that Rule 25 is substantially copied into this section. A number of cases have been before this court since the first adoption of Rule 25, but this is the first case presented involving a construction of section 92 of the Probate act.

The matter presented is purely procedural. While before the adoption of Rule 25 the proper practice required the proponent to prove not only the execution of the will, but also its validity, and to produce all evidence supporting the will against the charges made in the complaint, this procedure was changed by its adoption. The practice now requires the contestant to proceed in the first instance with proof to establish the invalidity of the will. In order to bring this issue to the attention of a court it is proper to allege in the complaint that a purported will has been admitted to probate, which is invalid for reasons assigned therein. If the answer admits the execution and probate, as set out in the complaint, but denies the facts claimed to render it invalid, the preliminary proof required by the former decisions of this court becomes unnecessary, because the information essential to comply with the provision of the statute that "an issue at law shall be made whether or not the instrument produced is the will of the testator" appears from the will described and admitted by the pleading as a preliminary to the trial of the issue of its invalidity.

If the introduction of the original will in evidence becomes material on any question pertaining to the issue of invalidity, no reason is advanced why the contestant may not offer it, since the statute provides its invalidity shall be put in issue. The production of the will or offering it in evidence to establish the issue framed does not now affect the burden of proof.

The distinction between the old practice and the present is that formerly the proponent had to establish the *validity* of the will and its due execution, which necessarily required its production and identification by the attesting witnesses. The present rule and statute, however, makes the invalidity of the will the issue, and requires the contestant to make such proof before the proponent makes his. It necessarily follows that if the contestant fails to make sufficient proof of invalidity to submit the issue to

the jury the will is sustained without further action by the proponent. We have substantially so held in *Lewis* v. *Deamude*, 376 Ill. 219, and *Peters* v. *Peters*, 376 id. 237. ·These cases settle adversely the contention that the proponent was entitled to open and close the case before the jury. The will being identified by the pleading, the statute throws the burden upon the contestant to overcome the *prima facie* validity of the will, and having the burden of proof he would have the right to make the opening and closing addresses before the jury under rules of procedure so well known as to not require comment.

It is true the appellant at the outset offered the will in evidence, and took the testimony of the attesting witnesses to the will, even though not required to do so. The fact that he did so proceed does not change the rule, and there was no error upon the part of the court in allowing the contestants to make the opening and closing addresses to the jury.

Appellant's assignment of error in the giving of instructions on the question of undue influence on behalf of the contestants is disposed of, because objection to such instructions is based upon the fact that such issue should not have been submitted to the jury at all.

Appellant also takes exception to the refusal of the court to give nine instructions on his behalf, but they are neither set out in the brief, nor is any specific reason pointed out wherein it was error to refuse them, or whether they had or had not been covered by other instructions. We do not undertake to examine the record and determine whether a series of instructions correctly covers the law, unless counsel point out to us in what respect the court has erred in giving or refusing instructions. The further assignment of errors is disposed of by what has been said above.

We find no error in the trial of the case, and the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*