(No. 27337.—

WENDELL MILNE, Appellant, *vs.* MELVIN G. McFADDEN *et al.,* Appellees.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 13, 1944.*

MILLER, THOMAS & HICKEY, (L. C. MILLER, and F. E. HICKEY, of counsel,) all of Rockford, for appellant.

CHARLES S. THOMAS, of Rockford, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is a suit to contest the will of Alfred I. Milne filed in the circuit court of Winnebago county. At the close of plaintiff's evidence the court, on motion of defendants, directed a verdict in favor of the defendants. A decree was entered on the verdict dismissing the complaint for want of equity. The will, if sustained, disposes of a freehold so the cause comes to this court.

Alfred I. Milne died September 20, 1941, leaving the instrument in question which has been admitted to probate as his last will. It bears date December 20, 1940. The will created a life trust for a beneficiary who died a few days after testator's death. It disposed of personal property and certain real estate, and plaintiff, who was a nephew of decedent and his only heir-at-law, was given the residue. Plaintiff, seeking to obtain all the property by descent, started this suit to contest the will on the grounds of mental incompetency and undue influence. The only issue of fact presented when the hearing started was as to mental capacity.

The principal question presented on this appeal is as to the application of the rule announced in *Hunt* v. *Vermilion County Children's Home*, 381 Ill. 29; *Peters* v. *Peters*, 376 Ill. 237; *Ryan* v. *Deneen*, 375 Ill. 452, and other

cases, which is, that when a court hearing a will contest case is asked to direct a verdict for the proponents, the evidence must be considered in its aspect most favorable to contestants, allowing for all reasonable presumptions and inferences that may be drawn therefrom, and from such considerations determine whether it tends to establish contestant's case on the issue submitted to the jury. If it is found that it does, the motion for directed verdict should be denied. Another rule, common to will contest cases and as firmly established in the law as the foregoing, is the principle announced in *Lewis* v. *Deamude*, 376 Ill. 219; *Ginsberg* v. *Ginsberg*, 361 Ill. 499, and other cases, that the opinion of a lay witness must be based upon facts to which the witness has testified and that a witness who does not testify to facts sufficient to support an opinion as to mental capacity is not privileged to express an opinion on that subject.

The evidence shows that Alfred I. Milne was 74 years of age when he executed the will; that he was a farmer and engaged in the operation of a farm and the raising of livestock. He owned the farm on which he resided and in addition owned a small timber tract disconnected from the home farm, an interest in real estate located in Oklahoma, and livestock and other personal property. He performed some manual labor and took an interest in the management of the farm prior to 1939 but about that time his activities and interests were lessened presumably by reason of his failing health. About four months after the will was drawn he suffered a stroke of paralysis and thereafter until his death he was almost wholly incapacitated. He could not speak understandingly and in the latter months of his life his mental condition was as weakened as his physical. There is no medical testimony in the record but from the description the witnesses gave it appears that Milne was suffering from those ailments, both mental and physical, which often accompany old age.

Seven witnesses testified for plaintiff, but for the purposes of this case the evidence of only three need be considered, namely: C. G. Alex, Charles Robbins and Ann Busick. Alex testified that he had known testator since 1936 and that from that time to the date of Milne's death he saw him frequently, visited with him, exchanged farm labor, and discussed matters in reference to Milne's property. He saw him in November, 1940. He testified to occurrences in July and September, 1940, from which it would appear that Milne's memory had deteriorated to such an extent that he did not remember the persons who had previously exchanged labor with him on "thrashing runs" and that he either had no interest in the maturity of his crops and their harvest or did not comprehend their condition. He described Milne as staring in a dazed and bewildered manner at people he had known for years.

Robbins' testimony was that he had known Milne for twenty years and visited him once or twice a week. He testified he attended a birthday party at Milne's home on November 24, 1940, and observed him at that time. He testified that at one time Milne was not able to recall all the property he owned, did not know the boundaries of the timber tract or the interests he had in Oklahoma.

The witness Ann Busick testified that she went to work at Milne's home as a housekeeper and part-time practical nurse, early in October 1940 and continued in such capacity until his death the following September. She testified that when she went there he had no responsibility in caring for his property, hiring help or paying expenses for the operation of the farm, and that on occasions he would stay in bed for two or three days at a time and during that time would engage in cursing and swearing. She stated that on several occasions he became lost in the basement of the house and had to be assisted, and that, from the time she went there in October, as long as he was able to be about it was necessary to watch him.

Each of these three witnesses expressed the opinion that he was not mentally competent. The date of such incompetency was limited by rulings of the court to the day on which the witness had last seen Milne prior to the date of the execution of the will. As to Alex it was limited to November, 1940, and as to Robbins it was September of the same year. Witness Busick saw him the day the will was executed and her opinion was based on his mental condition on that date. It is contended that there is no evidence as to mental competency on the date the will was executed. It is evident that the physical and mental ailments which witnesses Alex and Robbins described show that Milne's condition was such that he would become progressively worse, and that if he had ailments as described by the witnesses when they last saw him it is reasonable to assume that they continued to the date the will was executed and thereafter until he had the stroke. (See *Todd* v. *Todd*, 221 Ill. 410.) Proof of the mental condition for a reasonable time before or after making a will can be received when it will tend to show mental condition at the time of the execution of the will. (*Lewis* v. *Deamude*, 376 Ill. 219; *Chandler* v. *Fisher*, 290 Ill. 440.) Each of these witnesses testified to facts sufficient to form a basis for the expression of their opinion as to mental capacity.

There was evidence which made it improper to direct a verdict for the defendants. This discussion of the evidence has been solely for the purpose of showing that under the application of well-settled principles of law, the court should not have directed a verdict. Comment as to parts of the evidence is in no way an expression of the credit to be attached to it or an indication as to how the case should be determined.

For the reasons assigned, the decree of the circuit court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*