(No. 30945.—

EDNA INNIS, Appellant, *vs*. AUDREY MUELLER *et al.*,
Appellees.

*Opinion filed March 24, 1949.*

12

PAUL H. REIS, of Alton, for appellant.

JACOBY, PATTON, MANNS & COPPINGER, (JOHN F. MC-GINNIS, of counsel,) both of Alton, for appellees.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The appellant in this case filed a complaint in the circuit court of Madison County to contest the will of Fred Walk. At the close of plaintiff's evidence, the court on the motion of defendants dismissed the complaint for want of equity. A freehold being involved the appeal comes directly to this court.

Fred Walk became deceased on November 23, 1945, leaving the will in question dated November 13, 1944. The will was admitted to probate in Madison County and covered an estate aggregating about $11,000. By its terms the decedent left the sum of $5 to his daughter, the appellant, Edna Innis, and the remainder of his estate to the defendant Audrey Mueller, who is the only child of the appellant. The complaint seeks to set aside the will on the grounds of mental incapacity and undue influence. The record is barren of any testimony showing undue influence, leaving only the question of testamentary capacity to be determined.

The rule is well established in this court that the contest of a will is strictly a statutory and not an ordinary

proceeding in chancery. The cause is tried upon an issue at law whether or not the writing produced is the will of the testator. *Hunt* v. *Vermilion County Children's Home,* 381 Ill. 29.

Another well settled rule is that when a court hearing a will contest is asked to direct a verdict for the proponents, the evidence must be considered in its aspect most favorable to contestants, allowing for all reasonable presumptions and inferences that may be drawn therefrom, and from such considerations determine whether it tends to establish contestant's case on the issue to be submitted to the jury. (*Milne* v. *McFadden,* 385 Ill. 11.) The question raised by such motion to direct is whether there is any evidence fairly tending to prove the allegations of the complaint. *Peters* v. *Peters,* 376 Ill. 237.

Another principle of law firmly established holds that the opinion of a lay witness must be based upon facts to which the witness has testified and that a witness who does not testify to facts sufficient to support an opinion as to mental capacity is not privileged to express an opinion on that subject. *Ginsberg* v. *Ginsberg,* 361 Ill. 499.

In applying the above announced rules, it is necessary to examine the evidence in order to determine whether the chancellor was justified in finding the issues in favor of the defendants and dismissing the complaint for want of equity.

Three witnesses testified for the plaintiff on the question of lack of testamentary capacity.

Elmer W. Norris was a laborer who had known Fred Walk since about 1934. He testified that decedent was interested in a tavern known as the "Anchor Inn;" that since 1936 he had seen the testator frequently and that he drank heavily; that he had seen Walk drunk seven days in a week. In one place Norris testified that he last saw Walk about four months before he died and at another that he saw him sometime in October before the death.

He said that in his opinion Walk did not have sufficient mental ability to conduct his own business affairs or to understand the objects of his bounty. On cross-examination he testified he never visited Walk at his home and did not know where he lived; that he believed the decedent had a bank account; that he owned property in and around Alton and that he bought and sold property; that he told witness he had one daughter; that he based his opinion as to Walk's mental capacity on the fact that he was a heavy drinker.

Mrs. Emma Ingles testified to two or three occasions when she believed Fred Walk was drunk and on one occasion she believed his mind was wandering. At that time he had a gun in a holster under his coat and showed it to her. She further stated that he was drunk or he would not have done it; that Walk knew where he lived, knew he owned a piece of property on Holly Avenue, Alton, and knew that he owned a tavern and that he was transacting business at the tavern.

Charles Morgan, an electrical worker, testified that he had known the testator about 24 years; that he was a chronic drinker, and witness had never seen him sober more than twice in his lifetime; that the last time he saw him, in October, 1944, he was pretty well intoxicated. Witness would not say that Walk was unable to look after his business or that he had to have others look after it for him.

This court has many times stated that the law presumes every man to be sane until the contrary is proved, and the burden of proof rests upon him who asserts the lack of testatmentary capacity. *Langwisch* v. *Langwisch,* 361 Ill. 632.

In the cases relied upon by appellant, such as *Milne* v. *McFadden,* 385 Ill. 11; *Hunt* v. *Vermilion County Children's Home,* 381 Ill. 29, and similar cases, it was clear from the evidence that the witnesses had opportunities for

observation of the deceased and stated sufficient facts upon which they could base an opinion as to mental capacity.

The record in this case does not present any such parallel situation. All the testimony came from the lay witnesses and was entirely directed to the subject of excessive use of intoxicating liquor. The evidence emphasizes the fact that the deceased was a heavy drinker and a drunkard; that during the times he was intoxicated, his mind was wandering and he was not in possession of his full faculties, but we do not find any evidence upon which an opinion that the testator was incompetent to make a will could reasonably be based.

For the reason stated, we believe the circuit court of Madison County properly dismissed the complaint for want of equity.                                   *Decree affirmed.*