(No. 33827.—

JESSE METZGER, Appellant, *vs.* KATE MOWE, Exrx., Appellee.

*Opinion filed March 22, 1956.*

Burton C. Bernard, of Granite City, for appellant.

W. R. Weber, of Belleville, and Louis Beasley, of East St. Louis, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

The plaintiff appeals from a decree of the circuit court of St. Clair County dismissing his complaint in a will contest suit, the will devising real estate.

The will was admitted to probate in the probate court of said county over the objection and opposition of the plaintiff. Subsequently this complaint was filed alleging that plaintiff is the son and only heir of the testator and resides in Salem, Oregon; that said will names the defendant, Kate Mowe, as executrix and sole devisee of the testator's estate; that the testator was, at the time the will was executed, of unsound mind and memory and said will was obtained as a result of undue influence exerted on the testator by Kate Mowe, who for many years prior thereto lived with decedent alone in the same house and exerted all possible effort prior to the execution of the will to alienate decedent from his family. The complaint prayed that the purported will be declared null and void and not to be the last will of the testator. The defendant's answer admits the execution and probate of the will, admits that Kate Mowe is named therein as executrix and sole devisee, but denies the allegations that testator was of unsound

mind and memory and that defendant Kate Mowe exerted any undue influence upon the testator. Defendant, for affirmative defenses, alleges that the testator was of sound mind and memory and was not under duress or undue influence when the will was executed and alleges that she had nothing to do with the execution of testator's will and had no knowledge of its existence until after testator's death. No reply was filed by plaintiff.

The only evidence offered by plaintiff was the testimony of defendant, Kate Mowe, whom plaintiff called under section 60 of the Civil Practice Act. Her testimony, as abstracted by the plaintiff, was that she lived with the testator in a three-room flat in a building owned by testator; that she acted as apartment manager collecting the rents; that "decedent liked cats—gray, white, yellow and black;" that plaintiff was decedent's son; that decedent owned real estate at the time of his death and an inventory had been filed in the probate court. After this testimony plaintiff rested. The defendant moved to dismiss the suit for the reason that plaintiff had offered no evidence in support of the allegations of the complaint and the court allowed this motion, subsequently entering a decree finding the equities are with the defendant and against the plaintiff and dismissing the complaint for want of equity.

The plaintiff in this appeal concedes the evidence offered by him at the hearing was not sufficient to establish that testator was of unsound mind and memory or that the execution of the will was procured by undue influence. His position is that the trial court erred in dismissing the complaint because a will contest suit affords a contestant a trial *de novo* on the issue whether the instrument produced is or is not the will of the deceased; that the court must decide that issue and that the burden of producing the will and proving its execution in compliance with the statutes rests upon the proponent of the will. Since the proponent failed to do this plaintiff asks that the decree dismissing his

complaint be reversed and that a decree issue finding the will referred to in the complaint is not the will of the testator or, in the alternative, that this cause be remanded for further evidence.

Plaintiff's theory seems to be based upon the premise that upon the filing of a suit to contest a will the order of probate previously entered by the probate court is null and void and whether the contestant is or is not able to sustain his complaint the proponent of the will must proceed to get a finding in the contest proceeding that the will is the will of the deceased and a new order of probate.

Prior to the Civil Practice Act which became effective January 1, 1934, there might have been merit in plaintiff's contention. Formerly, in a will contest suit, the proponent of the will was required to make a *prima facie* case by showing the will and its execution complied with the statutory requirements. (*Donovan* v. *St. Joseph's Home,* 295 Ill. 125.) This procedure, however, has been changed by statute and by the rules of this court.

At the December term, 1933, this court adopted new rules to become effective January 1, 1934, when the Civil Practice Act went into effect. Rule 25 (355 Ill. 27) of such rules specifically provided: "In proceedings to contest the validity of a will, testament or codicil, the contestant shall in the first instance proceed with proof to establish the invalidity of such instrument; and the proponent may then present evidence to sustain the will, testament or codicil." In *Ginsberg* v. *Ginsberg,* 361 Ill. 499, the court, at the conclusion of the appellant-contestant's evidence allowed the motion of the proponent of the will to strike all the contestant's evidence and directed the jury to find the issues for the appellee, the proponent. The appellant contended that the trial court did not have power to direct a verdict at the close of his evidence because Rule 25 did not change the rule that the burden of proof rested on the proponents of the will—it merely changed

the order of proof to require the contestant to introduce his proof first. We there held that the rule of the *Donovan case* was not a rule of substantive law but merely a rule of procedure which clearly came within the rule-making power. The contestant in the first instance having failed to sustain the allegations of his complaint, the court did not err in directing a verdict for the proponent of the will.

Section 92 of the Probate Act (Ill. Rev. Stat. 1953, chap. 3, par. 244,) adopted in 1939, to be effective January 1, 1940, provides: "Any party to the suit may demand a trial by jury as in actions at law. An issue at law shall be made whether or not the instrument produced is the will of the testator. The contestant shall in the first instance proceed with proof to establish the invalidity of the will. At the close of the contestant's case, the proponent may present evidence to sustain the will. An authenticated transcript of the testimony of any of the witnesses taken at the time of the hearing on the admission of the will to probate is admissible in evidence." It is noted that Rule 25 has been incorporated in this statute, and is now statutory law.

The statute now requires the contestant to proceed in the first instance with proof to establish the invalidity of the will. Since an order of probate is a prerequisite to his right to bring a contest suit (*Shelby Loan and Trust Co.* v. *Milligan,* 372 Ill. 397,) it is proper to allege that a purported will has been admitted to probate as and for the will of the testator but said will is invalid for the reasons alleged. If the answer admits the allegation of the probate of the will the preliminary proof of its compliance with the statutory requirements becomes unnecessary and the contestant is required to proceed with proof to establish the allegations of his complaint as to the invalidity of the will. In *Friberg* v. *Zeutschel,* 379 Ill. 480, at page 486, we stated: "The distinction between the old practice and

the present is that formerly the proponent had to establish the *validity* of the will and its due execution, which necessarily required its production and identification by the attesting witnesses. The present rule and statute, however, makes the invalidity of the will the issue, and requires the contestant to make such proof before the proponent makes his. It necessarily follows that if the contestant fails to make sufficient proof of invalidity to submit the issue to the jury the will is sustained without further action by the proponent. We have substantially so held in *Lewis* v. *Deamude*, 376 Ill. 219, and *Peters* v. *Peters*, 376 id. 237."

A motion for a directed verdict in a will contest suit on the grounds that there is no evidence in the record tending to prove the allegations of the complaint is governed by the same rules which apply to actions at law and if there is no such evidence the motion should be allowed. *Shevlin* v. *Jackson*, 5 Ill.2d 43; *Johnson* v. *Bennett*, 395 Ill. 389.

In the instant case the appellant, contesting the invalidity of the will by allegations of lack of testamentary capacity and undue influence concedes that there is no evidence in the record tending to establish these allegations. The cause was being heard by the court without a jury and the court did not err in dismissing the complaint for want of equity.

The decree of the circuit court of St. Clair County is affirmed.

*Decree affirmed.*