349 P.2d 573 (1960)
ESTATE of C. J. DILLENBURG, Deceased.
Viola YARYAN and Otto E. Dillenburg, Contestants and Respondents,
v.
Roy A. WILSON and Sybil Wilson, Proponents and Appellants.
No. 9948.
Supreme Court of Montana.
Submitted January 12, 1960.
Decided February 23, 1960.
John D. Gillan, Havre, Hall, Alexander & Kuenning, Great Falls, for appellants. John C. Hall, Great Falls, argued orally.
Morrison & Ettien, Havre, for respondents. J. Chan Ettien, Havre, argued orally.
*574 ANGSTMAN, Justice.
This is an appeal from a judgment denying probate of the claimed last will and testament of C.J. Dillenburg, deceased, after trial and special jury verdict finding that testator was not competent to make a last will and testament at the time of signing the instrument offered for probate as his will. The will was signed on October 4, 1957, and C.J. Dillenburg died on October 10.
A petition was filed on October 14, 1957, by Roy A. Wilson, one of the beneficiaries who was not related to decedent, for probate of the alleged last will of C.J. Dillenburg and for issuance of letters testamentary to him. On November 15, Viola Yaryan, a niece of testator, residing in Antelope County, Nebraska, and Otto E. Dillenburg, a brother of the decedent, residing at Belfair, Washington, filed a petition to contest the will alleging that testator was not of sound and disposing mind at the time of signing the will offered for probate, and further, alleging undue influence on the part of Roy A. Wilson and his wife, Sybil Wilson, the beneficiaries named in the will.
The trial court granted proponents' motion for nonsuit as to the charge of undue influence upon the ground of failure of contestants to make a showing of substantial evidence thereof. The court's action in so doing was specified as error by cross assignment of error, but in view of our holding on the issue of testator's competency to make a will at the time of signing the will in question we need not consider the cross assignment of error.
The record discloses that about August 1956 the decedent had been operated upon for cancer of the head of the pancreas at the Mayo Clinic, Rochester, Minnesota, which resulted in temporary relief only. He was thereafter hospitalized at Havre, Montana, from August 2, to 12, 1957. He was home for a week and again entered the hospital at Havre on August 19, 1957, and died on October 10 at the age of 66.
About the end of September or the 1st of October 1957, the decedent consulted with an attorney at Havre about a will, and a will was prepared providing $2,500 to each of the contestants in this action and the residue going to the proponents. On October 3, 1957, after reading the will as prepared by the attorney, the testator refused to sign it stating that it was not the way he wanted it. A second conference with the same attorney produced the instrument in question herein, which the decedent purportedly signed on October 4, 1957, while a patient in the hospital.
Proponents assign error in the denial of their motions for non-suit and for a directed verdict in their favor and contend that the evidence was insufficient to make a question for the jury as to the lack of competency of the testator to make a will at the time he made the will in question.
In considering this question, we must view the evidence in the light most favorable to contestants since the jury found in their favor and we must consider that as proved which the evidence tends to prove, and if there be in the record substantial evidence sustaining the finding of incompetency we must sustain the court's action in submitting the cause to the jury and sustain the finding of the jury and the judgment based thereon.
The evidence of contestants and which it is contended supports the jury's verdict of incompetency consists of the testimony of intimate friends and acquaintances of decedent who visited him at the hospital during his last illness both before and after the will was made and who testified that in their opinion he did not understand what was going on about him and did not know or understand what he was doing. This evidence was admissible under subdivision 10 of section 93-401-27. Under that section, evidence may be given consisting of "the opinion of intimate acquaintanceship respecting the mental sanity of a person, the reason for the opinion being given."
But proponents contend that the reasons for the opinion are unsatisfactory and hence the opinions cannot be considered *575 as substantial evidence within the rule of Sommerville v. Greenhood, 65 Mont. 101, 210 Pac. 1048. The reasons given by the witnesses for their opinions were much the same and may be summarized as follows:
Testator was drowsy and sleepy. He would fall asleep while engaging in conversation. He could not carry on a coherent conversation but his mind would wander and right in the middle of a sentence he would drift into another subject and ask questions on an entirely different subject. He did not recognize some of his relatives when they came to visit him in the hospital. He was forgetful and in some cases did not remember that a visitor of today had been to see him the day before. He did not seem to realize what he was talking about. Even statements were made by Mrs. Wilson on several occasions during two or three weeks immediately preceding the death of testator that there would be no use to attempt to visit him in the hospital because he was in a coma and would not understand anything. These are satisfactory reasons supporting the opinion of testator's incompetency. See 2 Page on Wills (3d ed.), section 784, page 536; Milne v. McFadden, 385 Ill. 11, 52 N.E. (2d) 146; Mitchell v. Van Scoyk, 1 Ill. (2d) 160, 115 N.E. (2d) 226; Oglesby v. Harris, Tex. Civ. App. 1939, 130 S.W. (2d) 449.
We have given careful consideration to all the evidence in the case and the court did not err in submitting the cause to the jury or in entering judgment on the jury's verdict.
Proponents question the sufficiency of the evidence of incompetency at the precise time of making the will. As before noted, the evidence of incompetency related to times before and after the will was made and none was directed to the precise time when the will was made.
But evidence of the mental condition shortly before and shortly after the execution of the will is important from which inferences may be drawn to rebut the presumption of competency. In re Cissel's Estate, 104 Mont. 306, 66 Pac. (2d) 779; 2 Page on Wills (3d ed.), section 792, page 553, et seq.
Here the evidence of incompetency was not such as to show that it was intermittent or occasional, in which case a different rule applies, as pointed out in the cases of In re Murphy's Estate, 43 Mont. 353, 116 Pac. 1004, and In re Estate of Redfern, 64 Mont. 49, 208 Pac. 1072, relied on by proponents.
Likewise the fact that the will was unnatural, in that the property was given to strangers of the blood in exclusion of blood relatives, is a circumstance to be considered. In re Cissel's Estate, supra. As is likewise the circumstance that for several years before his death testator had on frequent occasions stated his intentions to leave his property to his brother and niece.
And the fact, that there may have been sufficient evidence to warrant a verdict the other way, furnishes no ground for disturbing the verdict and judgment.
The judgment is affirmed.
HARRISON, C. J., CASTLES and ADAIR, JJ., and GEORGE J. ALLEN, District Judge, sitting in place of BOTTOMLY, J., concur.