VIOLET J. LACEY, ADMINISTRATRIX OF THE ESTATE OF MARY E. ALLEN, ALSO KNOWN AS MARY ALLEN, DECEASED, PLAINTIFF AND APPELLANT, v. CLARENCE L. HARMON AND IDA HARMON, HUSBAND AND WIFE, AND SECURITY STATE BANK, HARLEM, MONTANA, A MONTANA CORPORATION, DEFENDANTS AND RESPONDENTS.

No. 9993.
Submitted March 1, 1960. Decided June 15, 1960.
353 P. 2d 96.

John H. Risken, Helena, Robert D. Morrison, Havre, for appellant. John H. Risken argued orally.

Harry L. Burns, D. J. Sias, Chinook, for respondents. Harry L. Burns argued orally.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

Mary E. Allen during her lifetime was the owner of certain land situated in Blaine County. On July 26, 1951, when 82 years of age, she entered into a contract with the defendants, the sum and substance of which was that they were to buy the land from Mary E. Allen for the sum of $9,000 and that payment should be made by turning over to her one-fourth of the crop raised each year until the sum of $9,000 was paid. The unpaid principal bore no interest. In case of her death before the land was paid for in full, the contract was to be deemed fulfilled and defendants should have the land. Papers were placed in escrow to be delivered pursuant to the contract.

For several years before 1951 the defendants held the land under a lease arrangement with Mary E. Allen by which she received one-fourth of the crop.

The only substantial difference after the purported sale was made was that the defendant should pay the taxes on the property and have the property after the contract price was paid through the crop payments or in case Mrs. Allen died before the contract price was paid.

On September 18, 1953, Mary E. Allen died. Plaintiff, Violet J. Lacey, was appointed administratrix of her estate. Mrs. Lacey was a niece of the deceased, Mary E. Allen, being a daughter of a deceased brother. The only other heir left by Mrs. Allen is a brother of Mrs. Lacey.

Only one payment, and that in the sum of $950, has been made by the defendants to Mary Allen during her lifetime on the contract to purchase. This action was brought to set aside the contract of sale, and the other papers placed in escrow, upon the ground that Mary E. Allen was without mental capacity at the time she entered into the contract and upon the ground that the contract was without adequate consideration.

The cause was tried to the court sitting without a jury. The court found that Mary E. Allen was mentally competent on July 26, 1951, at the time she entered into the contract for the sale of the land, and that she had the capacity to understand the nature of the act and its consequences; that there was no evidence that she was actuated by duress, menace or fraud, actual or constructive, or by a mistake when she executed the instruments in question.

The court found generally against the plaintiff and in favor of the defendants and entered judgment accordingly. This appeal is from the judgment.

■■ While several specifications of error are made, there is but one question involved in the case and that is whether the court erred in finding that Mary E. Allen at the time of signing the purported agreement and escrow papers had the mental capacity to know and understand what she was doing. The rule is fundamental that if there be substantial evidence in the record to support the findings of the trier of the facts, we will not interfere with its ruling. Where the evidence is conflicting we will review it in the light most favorable to the prevailing party and consider that proved which the evidence tends to prove, and this is true even though we believe that there may be sufficient evidence to warrant a finding the other way. In re Dillenburg's Estate, 136 Mont. 542, 349 P.2d 573.

We then come to the question of considering the evidence in the record which tends to support the findings of the trial judge.

We start with the presumption that the decedent was of sound mind at the time the transaction was entered into, Sommerville v. Greenhood, 65 Mont. 101, 210 P. 1048, and the burden of proving otherwise is upon the one so asserting. Estey v. Haughian, 112 Mont. 36, 113 P.2d 325.

Evidence relating to the mental competency of the deceased consists principally of the opinions of intimate acquaintances under section 93-401-27, subd. 10. H. P. Thronson, who was President of the Harlem Bank, drew the instruments relating to this transaction upon information given to him by Mrs. Allen. He gave it as his opinion that she was competent at the time. Other witnesses consisted of residents of Wolf Creek who had known the decedent for many years and were well-acquainted with her. One of such witnesses had borrowed money from her for the Wolf Creek Fire Department in 1950, and at that time she was in sound mental condition and knew what she was doing. Other witnesses who were intimately acquainted with Mrs. Allen testified to the same effect.

The record shows that shortly after executing the contract in question here, and the accompanying papers, Mrs. Allen made three wills. One of the wills had been lost and was not therefore produced at the trial. In the others she gave substantially all of her property to the defendant Harmon.

As against this evidence there is evidence of a contrary nature and principally that of Dr. Lindstrom who had treated Mrs. Allen at various times. At most this presented a conflict in the evidence which might have justified a decision either way, and in such circumstances we will not interfere with the finding of the trier of the facts. In re Dillenburg's Estate, supra, and see Wigmore on Evidence (3rd ed.) §§ 227, 228, p. 8, et seq.

Finding no sufficient grounds upon which to reverse the judgment of the trial court, the judgment is affirmed.

494

MR. CHIEF JUSTICE HARRISON, MR. JUSTICE CAS-
TLES and THE HONORABLE EMMET GLORE, District
Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ADAIR concurring in result.

I concur in the result, but not in all that is said in the fore-
going opinion.